UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE L. WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRADLEY J. ROBERT,<br><br>　　　　　Respondent. | Case No. 08-cv-56-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 13) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss petitioner Leslie L. Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that Williams procedurally defaulted his claims.

**I.	Report and Recommendation Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.	Report and Objection**

Williams is currently serving a 40-year state court sentence for murder. During his incarceration, the prison's adjustment committee revoked one year of his good time credit. Williams grieved the revocation, but his grievance was denied. He then filed a petition for a writ of mandamus in the Illinois circuit court, which was converted to a declaratory judgment action.

The circuit court dismissed his action on January 4, 2007, and Williams did not file a timely appeal. In the Report, Magistrate Judge Frazier found that Williams had procedurally defaulted his claim because he failed to comply with the state procedural rule requiring him to file a notice of appeal within 30 days of judgment. He further found that Williams had not established cause and prejudice or a fundamental miscarriage of justice that would excuse his procedural default. Accordingly, the Report recommends the Court dismiss Williams's § 2254 petition on the grounds of procedural default.

Williams objects to the Report, arguing that he had good cause for failing to appeal the denial of his state court action: the circuit court did not notify him of the dismissal until his appeal period had passed. Indeed, on January 3, 2007, the circuit court received a letter from Williams informing it that he had been transferred to another prison. Despite this notification, the Clerk of Court waited until February 9, 2007, to mail the order of dismissal to Williams, and when it did so, it mailed it to the wrong institution. The order was forwarded to Williams, who finally received it on February 26, 2007, beyond the 30-day appeal period. *See* Ill. Sup. Ct. R. 606(b). Williams promptly asked the circuit court to allow him to file a late appeal pursuant to Ill. S. Ct. R. 606(c), but the court denied that request noting it did not have jurisdiction to hear a late appeal. The Illinois Supreme Court similarly denied Williams leave to appeal.

**III.   Analysis**

In federal habeas litigation under § 2254, the Court must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, as a matter of comity and federalism, federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."

2

*Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This is often referred to as the "independent and adequate state ground doctrine" and bars federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30. If a federal habeas court were to release a prisoner (or give him back his good time credit, as the case may be) where there is a valid state law basis for holding him (or revoking his good time credit), it would render that state law inapplicable, an untenable result. *Id.* at 730-31.

The independent and adequate state ground doctrine comes into play where a petitioner has procedurally defaulted his federal claims in state court by failing to raise them properly, has no further state remedies available to him and therefore has technically exhausted his state remedies. *Id.* at 731-32. Rejection of the petitioner's habeas claims on the basis of an independent and adequate state ground (e.g., procedural default in state court) prevents the petitioner from doing an end-run around the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and assures that, as a matter of comity and federalism, state courts have an opportunity to correct their own mistakes before federal courts are asked to step in. *Id.* at 732.

To determine if there is an independent and adequate state ground for the state court's resolution of the issue, the habeas court looks to the decision of the last state court to which the petitioner presented his federal claims. If that decision "fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground," the habeas court presumes there was no independent and adequate state ground for the state's decision and can address the petition. *Id.* at 735; *Harris v. Reed*, 489 U.S. 255, 266 (1989). Otherwise, the independent and adequate state ground will preclude habeas review. *Coleman*, 501 U.S. at 740.

In *Coleman*, the Supreme Court considered a case where a § 2254 petitioner challenging his state conviction had filed a late notice of appeal of the denial of his state post-conviction petition. *Id.* at 727. The state supreme court heard arguments on the merits of the petitioner's constitutional claims but ultimately dismissed them pursuant to the state's request for dismissal based on the late notice of appeal, giving no indication in the order of dismissal that the court was relying on federal grounds. *Id.* at 727-28. The Supreme Court held that since the order of dismissal was not based on or interwoven with federal law, the doctrine of adequate and independent state ground barred the federal habeas action. *Id.* at 744.

This case appears at first blush to be like *Coleman*. Here, the decisions of both the Illinois Appellate Court and Illinois Supreme Court rejecting Williams's claims were based solely on his failure to file a timely notice of appeal of the circuit court's dismissal of his petition for a writ of mandamus and not on any federal law. Thus, like *Coleman*, the failure to follow a procedural rule for timely filing a notice of appeal appears on the surface to provide an independent and adequate state ground for rejecting his federal claims.

However, in order to qualify as an "adequate" state ground, the state court must have acted in a consistent and principled way. *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587-89 (1988)). "A basis of decision applied infrequently, unexpectedly, or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." *Prihoda*, 910 F.2d at 1383.

The state procedural rule applied to Williams in this case was not applied in a consistent and principled way. While Illinois law requires that a notice of appeal be filed within 30 days of the post-conviction judgment from which the appeal is taken, *see* Ill. S. Ct. R. 606(b), it also

4

allows an extension of that time period where there is merit to the appeal, the failure to file a timely notice of appeal was not due to the appellant's culpable negligence, and the motion for leave to file a late notice of appeal is filed within six months of the expiration of the appeals period, *see* Ill. S. Ct. R. 606(c). Illinois courts have extended this rule further to require the acceptance of a late notice of appeal even beyond six months where the clerk of the circuit court fails to provide the defendant with immediate notice of the adverse judgment in a post-conviction proceeding as required by Illinois Supreme Court Rule 651(b). *People v. Fikara*, 802 N.E.2d 260,270-71 (Ill. App. Ct. 2003); *People v. Clark*, 869 N.E.2d 1019, 1028-29 (Ill. App. Ct. 2007); *but see Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 565 N.E.2d 929, 929 (1990) (holding lack of notice of when order became final does not toll period for filing notice of appeal so long as order appealed from was expressed publicly, in words and at situs of proceeding). Illinois courts have a procedural rule as articulated in *Fikara* and *Clark* of accepting late notices of appeal in proceedings like Williams's where the clerk of court failed to notify the incarcerated appellant of an adverse decision regarding the duration of his confinement in a timely manner. Strict application of the 30-day appeal period to Williams is inconsistent with this policy and cannot therefore serve as an adequate state ground for disposition of his federal claims.

For the foregoing reasons, the Court finds that Williams has not procedurally defaulted the claims raised in his petition by virtue of his failure to timely appeal the denial of his petition for a writ of mandamus.

Alternatively, even if the failure to file a timely notice of appeal had constituted an independent and adequate state ground for disposing of Williams's federal claims, the Court would not dismiss the habeas petition at this time because that default may be excused.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S.. at 750; *see Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)); *Richardson v. Briley*, 401 F.3d 794, 801 (7th Cir. 2005). It is clear that Williams cannot establish a fundamental miscarriage of justice because he cannot show he was actually innocent of the charges. Instead, he relies on alleged procedural flaws in his adjustment committee proceedings. Therefore, the Court focuses on the cause and prejudice question.

Cause "must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (citing *Carrier*, 477 U.S. at 488). It can include the unavailability of a factual or legal basis for a claim or interference by officials that made compliance impracticable. *Coleman*, 501 U.S. at 753.

Williams has established cause for his failure to comply with Illinois's timing requirements when he appealed the dismissal of his petition for a writ of mandamus. It is clear that Williams was prevented from appealing his state court action by the failure of the circuit court to notify him in a timely manner or at the appropriate address of the dismissal of his action. He is an inmate and is not represented by counsel. It is unfair to hold him responsible for periodically checking the public docket sheet to determine if the circuit court had disposed of his petition for a writ of mandamus, commencing his appeal period. The clerk of court's failure to send him notice of the dismissal is an objective, external factor that impeded his efforts to comply with the exhaustion requirement.

To establish prejudice, a petitioner must show that errors in the underlying proceeding not only created a possibility of prejudice but also "worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *accord Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

In this case, neither side has adequately addressed the prejudice issue, and the Court is unwilling to say definitively at this point that it does not exist. Accordingly, the Court will order further briefing and, should it decide that Williams was not prejudiced from his default, it will dismiss his habeas petition on the basis of procedural default.

## IV. Conclusion

The Court **REJECTS** the Report (Doc. 13) and **ORDERS** the respondent to file a supplemental answer addressing the prejudice question and the merits on or before February 6, 2009. Williams shall have up to and including March 6, 2009, to file a reply. This matter is **REFERRED** to Magistrate Judge Phillip M. Frazier pursuant to Local Rule 72.1(a)(2) for further pre-trial proceedings. Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**
**DATED: January 8, 2009**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**