# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE L. WILLIAMS, | ) |
| Petitioner, | ) |
| vs. | ) CASE NO. 08-cv-56-JPG-PMF |
| DONALD SNYDER, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is an amended motion to dismiss (Doc. No. 22). Petitioner's response is on file (Doc. No. 25).

Leslie L. Williams brought this § 2254 habeas action seeking restoration of good conduct credits, claiming that he was deprived of those credits in violation of the procedural protections of the due process clause. During his incarceration, Williams was found guilty of disciplinary charges of leading a prison gang and enforcing gang conduct rules through threat of assault. Following disciplinary proceedings in 2001, the warden at Centralia Correctional Center imposed disciplinary sanctions, which included revocation of one year of good conduct credits. Only nine months of good conduct credits were ultimately revoked. Over the next several years, all of Williams' revoked good conduct credits were restored. The final three months of revoked credits were restored to Williams on September 25, 2006. Williams' projected release date has been advanced accordingly. He is now scheduled to be released from confinement on December 6, 2009.

Respondent argues that the petition is now moot because the good conduct credits which had been revoked through the disciplinary process have now been restored. Respondent points out that Williams is not suffering harm now and will not suffer harm in the future as a result of the 2001 disciplinary proceedings.

A habeas petition is moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, the challenged form of custody (revocation of good time credits) ended in September, 2006. There is no longer an issue for the Court to resolve.

In his response, petitioner expresses skepticism regarding the good conduct record, asking the Court to review the entire petition to root out possible deception. The Court understands petitioner's concern and has reviewed available information, including the projected release date posted on the inmate locator service maintained by the Illinois Department of Corrections. The Court is persuaded that only nine months of good time credit was actually revoked in June, 2001, and that all revoked good time credits have been restored. Petitioner has achieved the relief he sought when he filed his habeas petition.

IT IS RECOMMENDED that respondent's amended motion to dismiss (Doc. No. 22) be GRANTED. This action should be DISMISSED as moot.

SUBMITTED: __August 10, 2009__ .

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**